# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**AMERICAN AXESS INC.,**

      **Plaintiff,**

**v.**                                                                                Case No: 6:18-cv-360-Orl-31KRS

**JUAN CARLOS OCHOA, SOLIMAR BUSTAMANTE and SUNNY NETWORKS, LLC,**

      **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss Counts VI, VIII, and IX (Doc. 8) filed by the Defendants and the response in opposition (Doc. 14) filed by the Plaintiff, American Axess Inc. (henceforth, "American Axess").

**I.**      **Background**

According to the allegations of the Complaint (Doc. 1), which are accepted in pertinent part as true for purposes of resolving this motion, American Axess is in the business of buying voice and data services from telecommunications providers and reselling them to other companies. American Axess signed a consulting agreement with Defendant Sunny Networks, LLC ("Sunny Networks") in October 2011. American Axess describes Sunny Networks as the "corporate vehicle" of Defendant Juan Carlos Ochoa ("Ochoa"). At the time the consulting agreement was signed, Ochoa worked for a company in a similar line of work to American Axess. Ochoa provided consulting services to American Axess. Ochoa's wife, Defendant Solimar Bustamante ("Bustamante"), signed the consulting agreement.

American Axess alleges that sometime before February 2018 the Defendants entered into a conspiracy to misappropriate its trade secrets. American Axess had provided Ochoa with the computer password to its "Quotes File." The Quotes File consisted of e-mails containing detailed pricing information, such as the terms of every service quote provided by American Axess to its customers. American Axess alleges that Ochoa copied the Quotes File to his own personal computer on February 2, 2018. In doing so, he (apparently inadvertently) deleted them from American Axess's server. Three days later, after demands from American Axess, Ochoa copied the Quotes File back to American Axess's server; however, the format of the e-mails had been changed to one that could not be read by American Axess's computers.

Just over a month later, on March 9, 2018, American Axess filed the instant complaint, asserting claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count I); violation of the Computer Abuse and Data Recovery Act, Fla. Stat. § 668.801 (Count II); misappropriation of trade secrets in violation of Fla. Stat. § 688.001 (Count III); misappropriation of trade secrets in violation of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836 (Count IV); conversion (Count V); violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 (Count VI); breach of fiduciary duty (Count VII); aiding and abetting breach of fiduciary duty (Count VIII); conspiracy (Count IX); and breach of contract (Count X).

Counts VI and IX are asserted against all three defendants; Count VIII is asserted solely against Bustamante. By way of the instant motion, the Defendants seek dismissal of all three counts.

## II. Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis**

**A. Count VI**

In Count VI, American Axess asserts a FDUTPA claim against all three Defendants. To state an FDUTPA claim, a plaintiff must allege three basic elements: a deceptive act or unfair practice; causation; and damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). The Defendants contend the FDUTPA claim must be dismissed because the statute does not apply to entities complaining of tortious conduct which is not the result of a consumer transaction. *See In re Maxxim Medical Group, Inc.*, 434 B.R. 660, 693 (Bankr. M.D. Fla. 2010) (holding that FDUTPA did not apply to former sales representative alleged to have solicited former employer's customers using improperly obtained confidential information, because former employer was not acting as a consumer or purchaser of services with regard to former employee). However, according to the allegations of the Complaint, when the alleged misdeeds occurred, American Axess was still in a commercial relationship with the consultant(s) whose services it had retained. At this stage of the proceedings, that is sufficient to give American Axess standing to proceed under the FDUTPA.

**B. Count VIII**

American Axess asserts a claim against Bustamante for aiding and abetting a breach of fiduciary duty. Under Florida law, the elements of a claim for aiding and abetting breach of fiduciary duty are: (1) a fiduciary duty on the part of the primary wrongdoer; (2) a breach of that duty; (3) knowledge of the breach by the alleged aider and abettor; and (4) substantial assistance

or encouragement of the wrongdoing by the alleged aider and abettor. *AmeriFirst Bank v. Bomar*, 757 F. Supp. 1365, 1380 (S.D. Fla. 1991). While not raising a challenge as to the first two elements, Bustamante argues the claim must be dismissed because the Complaint contains only legal conclusions, rather than factual allegations, as to her involvement in the alleged breach.

American Axess responds that it has satisfied Rule 8 as to these latter elements by alleging that Bustamante (1) is Ochoa's wife and (2) is a "controlling director" of Sunny Networks.[1] However, these allegations do not suggest that Bustamante knew of the (alleged) breach of a fiduciary duty or provided substantial assistance to or encouragement of the wrongdoing. American Axess also argues that it has alleged that Bustamante, along with Ochoa, stole its trade secrets. As support, American Axess points to counts III, IV, and V of the Complaint – its state and federal trade secrets claims and its conversion claim, respectively. Though those counts are asserted against Bustamante (as well as the other Defendants), it is not clear that the allegations contained within them rise above the level of "[c]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts" so as to defeat dismissal. *See Davila*, 326 F.3d at 1185. Regardless, the allegations contained in those counts were not incorporated into Count VIII, so American Axess cannot rely upon them to satisfy Rule 8 as to this aiding and abetting claim.

Finally, American Axess argues that Ochoa "unwittingly admitted Bustamante's involvement." The company cites to an allegation in the Complaint that, in response to queries about Ochoa moving the Quotes File to his own computer, Ochoa responded that "We already

---

[1] Calling Bustamante a "controlling director" is imprecise. A copy of the "Independent Contractor's Agreement" (Doc. 1-1) between American Axess and Sunny Networks was attached to the Complaint. Bustamante signed that agreement as "managing director" of Sunny Networks. (Doc. 1-1 at 5). American Axess does not provide any other details in the Complaint as to Bustamante's role at Sunny Networks.

gave you an answer and we don't have anything else to add." (Doc. 1 at 6). Despite American Axess's claims, this statement does not constitute a factual allegation that Bustamante knew of the alleged breach or provided substantial assistance or encouragement of the wrongdoing. American Axess has failed to state a claim for aiding and abetting a breach of fiduciary duty, and Count VIII will therefore be dismissed without prejudice.

### C. Count IX

In its Complaint, American Axess has asserted that Ochoa and Bustamante are employees or officers of Sunny Networks. All three defendants seek dismissal of the conspiracy claim asserted against them in Count IX based on the intracorporate conspiracy doctrine. The intracorporate conspiracy doctrine provides that, because the acts of corporate agents are attributed to the corporation itself (thereby negating the multiplicity of actors necessary for the formation of a conspiracy), agents and employees of a corporation cannot conspire with their corporate principal or employer. *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000).

American Axess raises several arguments in response. First, it argues that Bustamante and Ochoa could conspire between themselves, even if they could not conspire with Sunny Networks. This is incorrect. The acts of both Bustamante and Ochoa are attributed to Sunny Networks, leaving no other party with which to conspire. "Simply put, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Id.* American Axess cites *Nicholson v. Kellin*, 481 So. 2d 931 (Fla. 5th DCA 1985), as support for the proposition that the doctrine does not apply to conspiracies involving only corporate employees (but not the corporation). However, the opinion

in *Nicholson* never even refers to the intracorporate conspiracy doctrine, much less holds that it only applies so long as the corporation itself is a party to the conspiracy.

American Axess also argues that the doctrine does not shield Bustamante's conduct outside the scope of her official duties. While this is true as a legal proposition, there are no allegations in the Complaint that Bustamante acted outside of her official duties.

Finally, American Axess points out that, as to two of its claims, it is proceeding pursuant to federal criminal statutes. The claim it asserts in Count I is brought pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, while the claim it asserts in Count IV is brought pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836. Both statutes authorize civil actions to provide remedies to victims. American Axess argues that the Eleventh Circuit has recognized an exception to the intracorporate conspiracy doctrine for civil claims arising from criminal violations. Based on this exception, American Axess argues that the claims it asserts in counts I and IV should preclude application of the intracorporate conspiracy doctrine to the conspiracy claim it asserts in Count IX.

Federal courts have long recognized an exception to the applicability of the intracorporate conspiracy doctrine for criminal conspiracies arising under 18 U.S.C. § 371 of the federal criminal code. *McAndrew*, 206 F.3d at 1038-39. In *McAndrew*, the Eleventh Circuit held that the doctrine also would not apply to a claim arising under 42 U.S.C. § 1985(2) and alleging a criminal conspiracy among a corporation and its employees to prevent by force, intimidation, or threat, an individual from testifying in a federal court. *Id.* at 1035. The *McAndrew* court held that a claim arising under 42 U.S.C. § 1985(2) that made these allegations "necessarily alleges criminal activity in violation of 18 U.S.C. § 1512 – the criminal statute prohibiting tampering with a witness – and a criminal conspiracy in violation 18 U.S.C. § 371." *Id.* at 1039. After analyzing

the purposes of both the intracorporate conspiracy doctrine and the Ku Klux Klan Act of 1871 – from which 42 U.S.C. § 1985(2) was derived – the Court held that what it referred to as the "criminal conspiracy exception" to the intracorporate conspiracy doctrine would apply regardless of whether the underlying criminal conspiracy arose under 18 U.S.C. § 371 or 42 U.S.C. § 1985(2). *Id.* at 1041.

In the instant case, American Axess has not argued that the allegations in its Complaint also set forth a criminal conspiracy for purposes of 18 U.S.C. § 371, or that the underlying purposes of the Computer Fraud and Abuse Act or the Defend Trade Secrets Act would be served by rendering the intracorporate conspiracy doctrine inapplicable to conspiracies involving conduct allegedly violating either of them. The Court's research has not uncovered any cases in which a court has held that the intracorporate conspiracy doctrine does not apply in cases involving civil claims brought pursuant to either of these statutes. Accordingly, Count IX will be dismissed with prejudice.

### IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss Counts VI, VIII, and IX (Doc. 8) filed by the Defendants is **GRANTED IN PART AND DENIED IN PART** as set forth above. Count VIII is **DISMISSED WITHOUT PREJUDICE**. Count IX is **DISMISSED WITH PREJUDICE**. In all other respects, the motion is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 14, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE